UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William J. Stark and Brenda L. Stark,

        Plaintiffs,

v.

Bank of America, N.A.;
Nationstar Mortgage, LLC;
Deutsche Bank National Trust Company,
as Trustee for the MLMI Trust Series
2005-NCI; and ABC Corporation and/or
John Doe Defendants, and also all other
persons unknown claiming any right, title,
estate, interest, or lien in the real estate
described in the complaint herein,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-2931 ADM/FLN

_____

Dominic J. Haik, Esq., and Troy A. Stark, Esq., Daniels & Kibort, PLLC, Plymouth, MN, on behalf of Plaintiffs.

Keith S. Anderson, Esq., Bradley Arant Boult Cummings LLP, Birmingham, AL and Mark G. Schroeder, Esq., Briggs and Morgan, P.A., Minneapolis, MN on behalf of Defendants.
_____

## I. INTRODUCTION

On January 20, 2015 the undersigned United States District Judge heard oral argument on the above captioned Defendants' Motion to Dismiss [Docket No. 5]. Plaintiffs William J. Stark and Brenda L. Stark filed this action seeking damages and the resolution of all other claims in connection with a foreclosure action on their home. For the reasons discussed below, Defendants' motion is granted.

## II. BACKGROUND

On or about August 20, 2004, Plaintiffs became owners of a house in Anoka County, Minnesota (the "Property"). Not. of Removal [Docket No. 1] Ex. A. ("Complaint") ¶¶ 1–2. To complete their purchase, Plaintiffs signed a promissory note, secured with a mortgage to New

Century Mortgage Corporation.  Id., Ex. B.  By November 2009, Plaintiffs had fallen behind on their loan payments.  Plaintiffs contacted their loan servicer, Wilshire Credit Corporation ("Wilshire"), to discuss loan modification options.  Compl. ¶ 4.  Wilshire sent Plaintiffs information on a Trial Period Plan Agreement ("TPP"), and in December 2009, Plaintiffs "filled out, completed, and executed all of the required documentation" for consideration for the TPP. Id.  Wilshire offered Plaintiffs a TPP in January 2010, contingent on the receipt of further documentation and three reduced mortgage payments.  Id.  Consideration for a permanent modification agreement was contingent on the successful completion of the TPP.  Plaintiffs submitted all required documentation and one reduced mortgage payment.  Id. at ¶¶ 5–7.

In March 2010, Defendant Bank of America, N.A. ("Bank of America") became the successor in interest to Wilshire and accepted Plaintiffs' final two reduced mortgage payments under the TPP.  Id. at 6.  A permanent loan modification agreement was not issued, but Plaintiffs continued to make reduced payments for an additional six months.  Id. at ¶ 8.  In July 2013, Bank of America sold and assigned Plaintiffs' loan to Deutsche Bank National Trust Company, as Trustee for the MLMI Trust Series 2005-NCI ("Deutsche Bank").  Id.  At about this same time, the servicing rights of the loan were assigned, sold, or transferred to Nationstar Mortgage, LLC ("Nationstar").  Neither Deutsche Bank nor Nationstar offered Plaintiffs a permanent loan modification.  Id. at ¶ 9.

Deutsche Bank and/or Nationstar set a sheriff's sale for the Property on May 27, 2014, which was later postponed by Plaintiffs to October 27, 2014.  Id.  A sheriff's sale has yet to be conducted, but is scheduled for March 9, 2015.  Aff. of Dominic Haik [Docket No. 29] Exh. 1 ("Foreclosure Sale").

On or about June 27, 2014, Plaintiffs filed this action in the Tenth Judicial District Court

of Anoka County, Minnesota, which Defendants removed to this Court on July 17, 2014.

### III. DISCUSSION

**A. Motion to Dismiss Standard**

Federal pleading standards are applied "to state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). However, the factual allegations must "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. In doing so, the court must draw reasonable inferences in the plaintiff's favor, but it need not make unreasonable inferences or accept unrealistic assertions. See Brown v. Medtronic, Inc., 628 F.3d 451, 461 (8th Cir. 2010).

**B. Breach of Contract**

Plaintiffs allege that Defendants' approval of the TPP was an offer for a permanent modification of their loan, which Plaintiffs accepted through performance, resulting in the creation of a unilateral contract. Compl. at ¶ 12. Defendants argue that the TPP was merely an

offer to consider modification of Plaintiffs' loan. Defs.' Mem. Supp. Mot. Dismiss [Docket No. 7] at ¶ 5.

"In Minnesota, a breach of contract claim requires proof of three elements: (1) the formation of a contract; (2) the plaintiff's performance of conditions precedent; and (3) the defendant's breach of the contract." Olivares v. PNC Bank, N.A., Civ. No. 11-1626, 2011 WL 4860167 at * 5 (D. Minn. 2011) (citing Briggs Transp. Co. v. Ranzenberger, 217 N.W.2d 198 (1974)). Minnesota law also imposes heightened writing requirements on home loan modifications. Minn. Stat. § 513.33, subdiv. 2 (2014). "A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Id.

Plaintiffs' breach of contract claim fails because no contract was formed between the parties. Courts in this district have consistently held that a TPP by a lender to permanently modify a mortgage is not a contract, and thus a borrower's claim that a lender has breached such contract must fail. See, e.g., Swanson v. GMAC Mortg. LLC, Civ. No. 11-944, 2012 WL 1110549, at *3–4; Racutt v. U.S. Bank, N.A., Civ. No. 11-2948, 2012 WL 1242320, at *2 (D. Minn. Feb. 23, 2012); Laurent v. Mortg. Elec. Registration Sys., Inc., Civ. No. 11-2585, 2011 WL 6888800, at *2 (D. Minn. Dec. 30, 2011); Wittkowski v. PNC Mortg., Civ. No. 11-1602, 201 WL 5838517, at * 3–4 (D. Minn. Nov. 18, 2011).

Further, Plaintiffs' claim that a binding unilateral contract was created between the parties also fails because there is no written agreement between the parties to satisfy Minnesota's heightened requirements for home loan modifications. Even if this Court were to find that the TPP was sufficient to create a unilateral contract, it still fails under Minnesota law because it is silent on material terms such as interest rates, principal and interest payments, and the due date

of payments outside the initial TPP.  See Laurent, 2011 WL 6888800 at *2; Olivares, 2011 WL 4860167, at *5.  For these reasons, Plaintiffs' breach of contract claim fails as a matter of law.

**C.  Negligent Misrepresentation**

Plaintiffs allege Defendants negligently misrepresented that Plaintiffs would receive a permanent loan modification.  Defendants argue that Plaintiffs' claim is not pled with the requisite particularity and that Plaintiffs fail to show any promise by Defendants to permanently modify the loan or reliance by Plaintiffs on that alleged promise.  Defs.' Mem. Supp. Mot. Dismiss at ¶¶ 7–10.

Claims of negligent misrepresentation must be "pled with particularity" under Minnesota law.  Federal Rule of Civil Procedure 9(b); Cox v. Mortg. Elec. Registration Sys., 685 F.3d 663, 672–73 (8th Cir. 2012) (citing Juster Steel v. Carlson Co., 366 N.W.2d 616, 618 (Minn. Ct. App. 1985)).  This requires pleading "'the time, place, and contents' of the false representations, the identity of the individual who made the representations, and what was obtained thereby to meet the heightened pleading requirements."  Cox, 685 F.3d 663 at 673; (quoting Rule 9(b)).

Plaintiffs have not pled the identity of an individual who allegedly made negligent misrepresentations.  This failure results in an insufficient pleading under Minnesota law and Rule 9(b).

Plaintiffs' claim of negligent misrepresentation also fails as a matter of law.  Under Minnesota law, to succeed in a negligent misrepresentation claim a plaintiff must prove: (1) defendant's knowing false representation of a past or existing material fact, (2) defendant gave such false information to guide others and doing so constituted a failure to exercise reasonable care, (3) defendant's intent was to induce reliance on such information, (4) defendant's representation caused the other party to rely, and (5) the party suffered pecuniary damage as a

result of the reliance. Cox, 685 F.3d at 672 (other citations omitted).

Plaintiffs do not allege any facts to show damages suffered as a result of their reliance on Defendants' alleged promise that they would receive a loan modification. Plaintiffs made reduced loan payments during the three month trial period and for an additional six months thereafter. Compl. at ¶ 14. However, this does not constitute reliance as Plaintiffs already had a contractual obligation to make mortgage payments. Moreover, Plaintiffs were making payments in an amount less than that required by their underlying contractual obligation. Under these circumstances, Plaintiffs have not suffered damages as a result of reliance as required by Minnesota law. See Olivares, 2011 WL 4860167 at *7 (discussing that plaintiffs' reliance of "sending payments to PNC" "was not injurious" due to the existing contractual obligation and "trial payments submitted were *less* than [p]laintiffs' previous" payment obligation).

Plaintiffs' claim of negligent misrepresentation and omission is dismissed.

## D. Breach of the Covenant of Good Faith and Fair Dealing; Equitable Estoppel; and Promissory Estoppel

Because Plaintiffs' breach of contract claim fails, their breach of the covenant of good faith and fair dealing also fails. Plaintiffs allege a violation of the covenant of good faith and fair dealing based on Defendants' alleged promises to honor the TPP and permanently modify Plaintiffs' loan. Compl. at ¶¶ 15–16. Plaintiffs also argue, in the alternative, that Defendants' alleged failure to honor the TPP and permanently modify Plaintiffs' loan results in a violation of the doctrines of equitable estoppel and promissory estoppel. Id. at ¶¶ 16–17.[1] Defendants argue

---

[1] Claims for equitable estoppel are "more appropriately analyzed under the doctrine of promissory estoppel . . . where representations upon which the plaintiff allegedly relied are more akin to statements of future intent than past or present fact." Bracewell v. U.S. Bank Nat. Ass'n, 748 F.3d 793, 796 (8th Cir. 2014). Here, Plaintiffs' alleged reliance was on Defendants' alleged statements of future intent, so the claim should be analyzed under promissory estoppel, rather than equitable estoppel.

that because the TPP is not an enforceable contract, the covenant of good faith and fair dealing does not apply.  Defs.' Mem. Supp. Mot. Dismiss at ¶ 12.

"[A]n enforceable contract must exist before the duty of good faith and fair dealing can be implied by law into it."  Cox, 685 F.3d at 670 (citing Orthomet, Inc. v. A.B. Med., Inc., 990 F.2d 387, 392 (8th Cir. 1993)).  Such claims cannot "survive independently"  Id.  Further, Plaintiffs also fail to demonstrate that Defendants hindered their ability to comply with the note and mortgage.  Id.; see also In re Hennepin Cnty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 502 (Minn. 1995).  Specifically, Plaintiffs were already delinquent on their loan payments before the TPP was offered.  Compl. ¶ 9.  The TPP offered by the Defendants assisted Plaintiffs to make reduced, rather than full, loan payments during the trial period.

Plaintiffs have alleged only oral promises by Defendants to permanently modify their loan.  In Minnesota, claims of promissory estoppel fail as a matter of law where the claims are based upon an oral agreement to modify a loan.  Minn. Stat. § 513.33, subdiv. 2, 3(a) (2014); see also Billingsley v. Onewest Bank, Civ. No. 13-cv-129, 2013 WL 3455581 (D. Minn. 2013) (citing Brisbin v. Aurora Loan Servs., LLC, 679 F.3d 748, 752–53 (8th Cir. 2012)); Tharaldson v. Ocwen Loan Servicing, LLC, 840 F. Supp. 2d 1156, 1162–63 (D. Minn. 2011); Ming'ate v. Bank of Am., N.A., Civ. No. 11-1787, 2011 WL 4590431, at * 4–5 (D. Minn. Sept. 30, 2011); Hinden v. Am. Bank of the North., No. A09-404, 2009 WL 4573909, at * 2–3 (Minn. Ct. App. Dec. 8, 2009).

For these reasons, Plaintiffs' claim of a breach of the covenant of good faith and fair dealing and promissory estoppel fail as a matter of law.

**E.  Violation of Minnesota Statutes §§ 580.02, 580.04, and 582.043**

Plaintiffs' claim that Defendants violated Minnesota Statutes 580.02 and 580.04 in

attempting to foreclose on the Property prior to recording all assignments and that Defendants violated Minnesota Statute 582.043 subdivision 6(d)(1) in conducting a foreclosure sale when Plaintiffs were "in compliance with "the terms of a . . . trial loan modification." Plaintiffs assert that these claims are "ripe for adjudication because Plaintiffs are in immediate danger of losing their home." Pls.' Mem. Opp'n Defs.' Mot. Dismiss [Docket No. 26] at ¶ 20. Defendants argue that these claims are not ripe for adjudication, these claims are based entirely on speculation and conclusory allegations, and Defendants have no duty to provide a loan modification under Minnesota Statute § 582.043. Defs.' Mem. Supp. Mot. Dismiss at ¶¶ 14–16.

To establish the existence of a justiciable controversy, "[the litigant] must show a direct and imminent injury." State v. Colsch, 248 N.W.2d 839, 841 (Minn. 1979). It cannot be argued here that there is an "imminent" injury threatening Plaintiffs, as the foreclosure sale of the Property has not yet occurred and has been postponed twice. The foreclosure sale is now scheduled for March 9, 2015. Because a sale of Plaintiffs' home has not yet occurred, Plaintiffs' claims of violations under Minnesota Statutes 580.02, 580.04, and 580.043 are not ripe for review.

Plaintiffs' claims under Minnesota Statutes 580.02 and 580.04 also fail as a matter of law because Plaintiffs have provided no factual support for their allegations that numerous assignments exist. See Mine v. Fed. Home Loan Mortg. Corp., Civ. No. 13-220, 2013 WL 2443852, at *4 (D. Minn. June 5, 2013). Speculative allegations are not enough to survive a motion to dismiss. The factual allegations must "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 555.

Plaintiffs' claims under Minnesota Statute 580.043 subdivision 6(d)(1) also fail as a

8

matter of law.  Minnesota Statute 580.043 subdivision 2 provides: "[n]othing in this section imposes a duty on a servicer to provide any mortgagor with any specific loan modification option."  Although Defendants granted Plaintiffs a TPP, Defendants were under no obligation by Minnesota law to offer a permanent modification plan.

Because Plaintiffs' claims under Minnesota Statutes 580.02, 580.04, and 580.043 fail as a matter of law, these claims are dismissed.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 5] is **GRANTED**.  All claims in the Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 23, 2015.